J. F. IRWIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9392. Promulgated October 10, 1927.

The evidence shows that a bonus of $3,000 was an accrued liability of the petitioner for the year 1920, and was, therefore, a proper deduction from gross income.

*Frederick Schwertner, Esq.,* for the petitioner.
*Chas. H. Curl, Esq.,* for the respondent.

LITTLETON: The Commissioner determined a deficiency in income tax of $2,475.52 for the calendar year 1920.

Petitioner claims that the Commissioner erred in refusing to allow a deduction of $3,000, representing additional compensation paid to an employee for services rendered during 1920. Petitioner withdrew a claim that the Commissioner had erred in refusing to allow a deduction on account of certain alleged worthless debts.

#### FINDINGS OF FACT.

Petitioner is a resident of Latrobe, Pa., where he was, during the taxable year, engaged in the coal and coke brokerage business. He kept his books and rendered his returns upon an accrual basis.

For the calendar year 1920, he filed an income-tax return showing a net income from his business of $43,920.52, and paid a tax of $10,067.69. Among other deductions claimed in this return was a

deduction of $3,000 representing a portion of the compensation of one of his employees.

During 1920 and for years prior thereto, petitioner had in his employ one A. I. Hurning, who was experienced in petitioner's business. Hurning had charge of the office work and made sales of coal and coke. Petitioner was absent from his place of business a great deal of the time selling coal and coke, and during such absence Hurning had entire charge of the business. During the year 1920, the coal business was very active and it was difficult to secure or retain the services of experienced employees. Early in the year 1920, petitioner and Hurning discussed the matter of the latter's compensation for that year and petitioner agreed to increase Hurning's compensation and promised him that he would be paid a total of $12,000 compensation for the year, and that if the entire amount was not paid by the end of the year, the balance would be paid him in the form of a bonus. Hurning was paid various amounts monthly throughout the year. The matter of Hurning's compensation was mentioned by petitioner at different times during the year and he reiterated his intention to pay Hurning the compensation mentioned.

The relations between petitioner and Hurning were very close and although Hurning had charge of the bookkeeping, he made no entry in the books concerning his compensation for the year prior to December 31, 1920, other than the monthly withdrawals. Early in 1921, before the books for the year 1920 were closed, the bonus in the amount of $3,000 was entered upon the books as an accrued expense for the year 1920, and this amount was paid to Hurning.

The entire compensation of Hurning, including the bonus of $3,000, was no more than reasonable compensation for the services rendered by him. The $3,000 was a proper deduction from gross income for 1920.

*Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by SMITH and LOVE.